NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50071 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:18-cr-04962-LAB-1 |
| FRANCISCO ALFREDO PALACIOS-GUERRERO, AKA Alfredo Palacios-Guerrero, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief District Judge, Presiding

Submitted December 10, 2020**
Pasadena, California

Before: GOULD and R. NELSON, Circuit Judges, and COGAN,*** District Judge.

Defendant-Appellant Francisco Palacios-Guerrero appeals from the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

court's judgment and challenges the substantive reasonableness of his 60-month sentence and the conditions of supervised release imposed after his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand with instructions.

Before sentencing, the Government agreed to recommend a two-level fast-track departure under the PROTECT Act, Pub. L. No. 108-21, 117 Stat. 650 (2003), despite the fact that Appellant had previously received such fast-track reductions three times. At the sentencing hearing, the district court expressed concern with Appellant's extensive criminal and immigration history and engaged in a lengthy discussion with the Government about why they were offering another fast-track departure to Appellant. The court declined to grant another fast-track departure and instead calculated a Guidelines range of 37 to 46 months based on an adjusted offense level of 15 and a criminal history category of V. Concluding that the upper end of the range would be insufficient to deter Appellant and promote respect for the law, the court varied upward from the Guidelines and imposed a 60-month sentence and three years of supervised release. The court orally announced two conditions of supervised release: Appellant could not reenter the United States or violate any United States laws. The written judgment included those two conditions as well as thirteen additional conditions classified as "mandatory" or

2

"standard."

Appellant contends that his 60-month sentence is substantively unreasonable because the district court impermissibly considered perceived disparities in how the Government recommends fast-track departures. We disagree. We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). Sentences are reasonable if they are based on "rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012). While one of those factors is "the need to avoid unwarranted sentence disparities" among similarly-situated defendants, 18 U.S.C. § 3553(a)(6), a district court may not take fast-track disparities into account in sentencing because they are considered "warranted" disparities. *United States v. Gonzalez-Zotelo*, 556 F.3d 736, 738 (9th Cir. 2009).

Contrary to Appellant's contention, the district court made clear that it based its decision to impose a higher sentence on its consideration of the § 3553 factors, and—given Appellant's extensive history of custodial sentences and deportations based on that conduct—concluded that those factors could not be consistent with the Government's decision to offer a fast-track departure. A sentencing court acts fully within its discretion when it "consider[s] the defendant's repetition of the same or similar offenses" and bases its sentence on that fact. *United States v.*

*Segura-Del Real*, 83 F.3d 275, 277 (9th Cir. 1996). We conclude that Appellant's 60-month sentence was not an abuse of discretion.

Appellant next contends that the district court erred by imposing conditions of supervised release in the written judgment that the court did not orally pronounce at sentencing. We review whether a written judgment conflicts with the oral pronouncement of a sentence *de novo*. *United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006). The district court did not err by including additional supervised release conditions in the written judgment because the imposition of mandatory and standard conditions "is deemed to be implicit in an oral sentence imposing supervised release." *Id.* at 1043. We do not read the district court's reference to two conditions of supervised release as unambiguously asserting that it intended to impose only two conditions.

However, as the Government concedes, the district court did err by including conditions 4 and 7 in the written judgment because it did not provide Appellant with the requisite notice of these now nonstandard conditions. The district court used an outdated judgment form from 2013, and both conditions have since been reclassified as "special" conditions, which "cannot be deemed to have been implicit in the oral imposition of supervised release." *Id.*; *see* U.S.S.G. supp. app. C amend. 803 (Nov. 1, 2016). For this reason, we conclude that conditions 4 and 7 must be stricken from the judgment.

Appellant contends that conditions 3, 5, and 13 should likewise be stricken because the outdated versions of those conditions—which were used in Appellant's judgment—were previously held to be unconstitutionally vague. *See United States v. Evans*, 883 F.3d 1154, 1162–63 (9th Cir. 2018). But because it appears that the district court intended to include in the written judgment the current versions of standard conditions 3, 5, and 13, we remand to the district court with instructions to conform the written judgment to the current version of standard conditions 3, 5, and 13. In light of this disposition, we need not reach Appellant's constitutional challenges to the earlier iteration of these conditions.

Finally, Appellant contends that conditions 1, 2, 6, 8, 9, 10, 11 and 12 are substantively unreasonable because he will not be serving his supervised release in the United States. A supervised release condition is substantively unreasonable "if it is not reasonably related to the goal[s] of deterrence, protection of the public, or rehabilitation of the offender, or if it infringes more on the offender's liberty than is 'reasonably necessary' to accomplish these statutory goals." *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (cleaned up) (quoting 18 U.S.C. § 3583(d)(2)). We conclude that the district court properly considered whether supervised release would provide an added measure of deterrence and thus did not abuse its discretion.

**AFFIRMED in part; VACATED in part; REMANDED.**

5